**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **CLARA HERNANDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM LLOYDS AND JOEY** | § | **JURY DEMAND** |
| **BROU,** | § | |
| **Defendants.** | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, Clara Hernandez ("Plaintiff"), and files this *Plaintiff's Original Complaint,* complaining of State Farm Lloyds ("State Farm") and Joey Brou ("Brou") (to whom will be collectively referred as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### PARTIES

1.     Plaintiff Clara Hernandez is a citizen of the State of Texas who resides in Potter County, Texas.

2.     Defendant State Farm Lloyds is an unincorporated association engaged in the business of writing insurance on a "Lloyd's plan" as defined in and created by Chapter 941 of the Texas Insurance Code.  For the purposes of diversity jurisdiction, an unincorporated association's citizenship is determined by the citizenship of its members, and, here, State Farm's members are individual underwriters, all of whom are citizens of the State of Illinois.  Accordingly, State Farm is citizen of the State of Illinois engaged in the business

of insurance in the State of Texas and pursuant to Chapter 804 of the Texas Insurance Code, this defendant may be served by and through its designated Attorney for Service: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, Texas 78701-3218.

3.     Defendant Joey Brou is an individual adjuster engaged in the business of adjusting insurance claims in the State of Texas and citizen and domiciliary of the State of Mississippi.  This defendant may be served with personal process by a process server at its place of residence at 893 Webb Street, Bay Saint Louis, Mississippi 39520.

## JURISDICTION

4.     Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of this action because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship between the parties because, as more fully described above, Plaintiff and Defendants are citizens of different states.

## VENUE

5.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff's insured real property made the basis of this suit is situated in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## FACTS

6.     Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Farm.

7.     Plaintiff owns the insured property, which is specifically located at 4103 E. 10th Avenue, Amarillo, Texas 79104, in Potter County (hereinafter referred to as "the Property").

8.     State Farm sold the Policy insuring the Property to Plaintiff.

9.     On or about May 28, 2013, a hail storm and/or windstorm struck Potter County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence.  Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and closed-in porch including, but not limited to, the home's ceilings, walls, insulation, and flooring.  For example, the walls and/or ceilings throughout the home have visible water stains.  Plaintiff's home also sustained substantial structural and exterior damage during the storm, including damage to the sidin, window(s), and exterior light fixture(s). Furthermore, the storm also caused severe damage to many of Plaintiff's separate structures on the Property—including, but not limited to, the fence, storage shed, and carport.  After the storm, Plaintiff filed a claim with her insurance company, State Farm, for the damages to her home caused by the hail storm and/or windstorm.

10.    Plaintiff submitted a claim to State Farm against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

11.    Plaintiff asked that State Farm cover the cost of repairs to the Property including, but not limited to, repair and/or replacement of the roof and repair of the structural, exterior, and interior water damages pursuant to the Policy.

12.    Defendant State Farm assigned Defendant Brou as the individual adjuster on the claim. Defendant Brou was improperly trained and failed to perform a thorough investigation of Plaintiff's claim.  Specifically, on or about July 18, 2013, Brou conducted a substandard inspection of Plaintiff's Property.  For example, Brou spent a mere thirty (30) minutes

inspecting Plaintiff's entire Property for hail storm and/or windstorm damages and failed to thoroughly scope all of the damages to the Property.  Further, during the inspection, he was not cooperative, and quickly discounted any damages Plaintiff pointed out to him.  Brou also made coverage decisions and told Plaintiff which damages specifically would and would not be covered.  Brou was neither qualified nor authorized to make coverage determinations.  The inadequacy of Brou's inspection and investigation is evident in his report—given to Plaintiff weeks after his initial inspection—which failed to include all of Plaintiff's properly covered damaged noted upon inspection.  For example, Brou failed to include a significant portion of the exterior damages in his report and omitted the interior water damages.  Moreover, the damages that Brou actually included in his report were grossly undervalued.  Specifically, Brou underpriced the cost of materials required for necessary repairs, including the allotment for the roof, incorrectly applied material sales tax, and failed to include overhead and profit.

13.   Further, in his July 19, 2013 payment letter to Plaintiff, Brou completely failed to give any reason or explanation for his decision to not compensate Plaintiff for all of the damages she had reported to State Farm.  Brou merely states that his report is the basis of Plaintiff's claim payment, but the report also fails to give any sort of reason or explanation as to why so many of Plaintiff's covered damages were omitted and/or underpaid.  The items were simply ignored by Defendant Brou.  Ultimately, Brou's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.  Brou's inadequate investigation was relied upon by State Farm in this action and resulted in Plaintiff's claim being undervalued and underpaid.

14.    Defendant State Farm, along with other State Farm personnel, failed to thoroughly review and properly oversee the work of the assigned adjusters, including Defendant Brou, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim.  Defendants State Farm and Brou misrepresented to Plaintiff that the estimate included all of her covered storm damages and were adequate to cover all the repairs; however, the damages included in the estimates were grossly undervalued and a significant portion of the damages were either ignored or improperly adjusted.

15.    Together, Defendants State Farm and Brou set out to deny and/or underpay on properly covered damages.  State Farm and Brou misrepresented to Plaintiff that Brou's estimate included all of Plaintiff's properly covered storm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and allowed for an amount wholly insufficient to cover the cost of repairs to Plaintiff's Property.  As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and she was denied adequate and sufficient payment to repair her home.  The mishandling of Plaintiff's claim has also caused a delay in her ability to fully repair her home, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

16.    As detailed in the paragraphs below, State Farm wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, State Farm underpaid some of Plaintiff's claims by

not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

17.    To date, State Farm continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

18.    Defendant State Farm failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

19.    Defendants State Farm and Brou misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants State Farm's and Brou's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

20.    Defendants State Farm and Brou failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants State Farm's and Brou's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.    Defendants State Farm and Brou failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants State Farm and Brou failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants State Farm and Brou did not communicate that

any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants State Farm's and Brou's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

22.    Defendants State Farm and Brou failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants State Farm and Brou.  Defendants State Farm's and Brou's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

23.    Defendants State Farm and Brou refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants State Farm and Brou failed to conduct a reasonable investigation.  Specifically, Defendants State Farm and Brou performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendants State Farm's and Brou's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

24.    Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.     Defendant State Farm failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.     Defendant State Farm failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for her claim. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, State Farm has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants State Farm and Brou knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants State Farm's and Brou's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

30.     Plaintiff's experience is not an isolated case.   The acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of State Farm with regard to handling these types of claims.   State Farm's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST BROU

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

31.     Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-30 as though fully set forth herein.

32.     Defendant State Farm assigned Defendant Brou to adjust the claim.  Defendant Brou was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.   During the investigation, the adjuster failed to properly assess Plaintiff's hail storm and/or windstorm damages.   The adjuster also omitted covered damages from its reports, including many of Plaintiff's interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33.     The unreasonable investigation of Plaintiff's damages as well as its consequences can all be attributed to Defendant State Farm's inadequate policies and procedures and its failure to use properly trained adjusters on its losses.

34.     Defendant Brou's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

35.   Defendant Brou is individually liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of State Farm, because it is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendant Brou's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

37.     Defendant Brou's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant Brou failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendant Brou failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.   The unfair settlement practice of Defendant Brou as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     Defendant Brou's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.     Defendant Brou did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by

Plaintiff to State Farm.  Defendant Brou, apart from his undervalued allotment for the roof, omitted many of the covered damages—including, but not limited to, damages to the interior of the home and a significant amount of Plaintiff's exterior damages. Furthermore, Brou improperly withheld prospective contractors' overhead and profit and material sales tax for certain items in determining the actual cash value of Plaintiff's loss under the Policy.  Defendant Brou's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

41.    Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-40 as though fully set forth herein.

42.    Defendants State Farm and Brou are liable to Plaintiff for common law fraud.

43.    The intentional undervaluing of covered storm damage by Brou and State Farm is prevalent in State Farm's claim handling practices.  State Farm and Brou had an "eye to deny" Plaintiff's claims.  This is evident in the superficial estimates and denials of the claims by the adjuster and State Farm even when no proper investigation or inspection of the damages had been made.  For example, Defendant Brou's assessment failed to allow sufficient funds to cover the cost to repair the extensive and obvious damage to Plaintiff's property.  Moreover, State Farm and Brou severely underestimated and undervalued the cost of repairs.  Specifically, they failed to allow sufficient funds to cover the cost of repairs, including, but not limited to, funds for the exterior and interior water damages,

Page 12

and failed to allow sufficient funds for the roof, even though the substantial damages to the roof warranted its total replacement.

44.     Defendants State Farm and Brou misrepresented to Plaintiff that the estimate included all the covered hail storm and/or windstorm damages and was adequate to cover all the repairs; however, the estimate of Plaintiff's loss did not include many of the covered damages that were caused by the storm.

45.     Furthermore, Brou authored a letter to Plaintiff with the estimate, which stated "Please refer to the attached document which outlines the basis for this payment."  Also, attached to Defendant Brou's estimate is a Structural Damage Claim Policy from State Farm which states "We want you to receive quality repair work to restore the damage to your property."  These statements are untrue and constitute misrepresentations.

46.     State Farm and Brou knew at the time the above misrepresentation contained in the estimate and letter was made to Plaintiff that it was false because they failed to include all of Plaintiff's hail storm and/or windstorm damages in the report.  Brou, who investigated and handled Plaintiff's claim in accordance with the foregoing training, direction, and instruction provided by Defendant State Farm, failed to perform a thorough inspection and evaluation of Plaintiff's hail storm and/or windstorm damages, failed to cover claims that were clearly covered and, thus, undervalued and under paid Plaintiff's claim; thereby denying properly covered damages.  As a result, Plaintiff relied upon the actions and statements of Defendants by not repairing the damages for lack of funds, and/or making temporary repairs using her own limited out-of-pocket funds, further prolonging Plaintiff's hardship of living in a damaged house.

47.   Moreover, State Farm initially represented in its Policy that covered damages would be insured against loss.  To her detriment, Plaintiff purchased State Farm's policy in exchange for a benefit State Farm knew she would not fully receive.  State Farm knowingly defrauds its customers by withholding benefits owed under policies it writes, sells and markets by strictly admonishing any adjuster or employee who attempts to properly compensate policyholders under the terms of the policy.

48.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which Defendants State Farm and Brou knew were false or made recklessly without any knowledge of their truth as a positive assertion.

49.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

50.   Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-49 as though fully set forth herein.

51.   Defendants State Farm and Brou are liable to Plaintiff for conspiracy to commit fraud. Defendants State Farm and Brou were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants State Farm and Brou committed an unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST STATE FARM ONLY

52.    Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-51 as though fully set forth herein.

53.    Defendant State Farm is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

54.    Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-53 as though fully set forth herein.

55.    Defendant State Farm's conduct constitutes a breach of the insurance contract made between State Farm and Plaintiff.

56.    Defendant State Farm's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

57.    Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-56 as though fully set forth herein.

58.    Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

59.    Defendant State Farm's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

60. Defendant State Farm's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

61. Defendant State Farm's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

62. Defendant State Farm's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

63. Defendant State Farm's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

64. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-63 as though fully set forth herein.

65. Defendant State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

66. Defendant State Farm's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

67. Defendant State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

68. Defendant State Farm's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

69. Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-68 as though fully set forth herein.

70. As referenced and described above, and further conduct throughout this litigation and lawsuit, Brou is an agent of State Farm based on its acts during the handling of this claim,

including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

71.     Separately, and/or in the alternative, as referenced and described above, State Farm ratified the actions and conduct of Brou including the completion of its duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

72.     Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-71 as though fully set forth herein.

73.     Defendant State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

74.     Defendant State Farm's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, State Farm knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

75.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

76.     Plaintiff incorporates, re-alleges, and adopts by reference paragraphs 1-75 as though fully set forth herein.

77.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

78.     As previously mentioned, the damages caused by the May 28, 2013, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants State Farm's and Brou's mishandling of Plaintiff's claim in violation of the laws set forth above.

79.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

80.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

81.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

82.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

83.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

84.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

85.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Potter County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**MOSTYN LAW**


   */s/ René M. Sigman*      
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**


*Of Counsel:*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)